## CLEVELAND RAILWAY CO v KLIR

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided June 17, 1929

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

Newcomb, Newcomb & Nord, Cleveland, for Klir.

VICKERY, PJ.

It is claimed that there are two grounds upon which this verdict and judgment thereon should be reversed. One, and the main one is that the injury, if any, was so slight that the verdict in the sum of $4000.00 is so excessive that it of itself shows passion and prejudice; and the other is that there was misconduct on the part of the attorney for the plaintiff below.

The record in this case does not show very grave injury to the plaintiff. It seems from the evidence that she was on a car sitting on a seat toward the front end of the car which seat ran lengthwise; and the car in which she was riding was hit by another car which struck the front vestibule and broke the window in the vestibule but apparently nobody in the car was disturbed; and the evidence shows that a patrolman in the vicinity entered the car and inquired whether anybody had been hurt and there is some dispute as to whether plaintiff said she was. The patrolman, I believe, said that nobody made any claim for any injury.

The plaintiff apparently went about her work and went to Bedford the same day and on the day after she came to the court house and was granted her citizenship papers. She was doing work for two or three physicians and doing her own work. Subsequently I belive after the suit was started, she took a trip to Europe and was gone for several months. All this indicated that she was not injured so very severely; but the record shows that she had arthritis of the spine and in answer to several questions or to questions on cross-examination, the doctors admitted that such might come from trauma. The trouble in the instant case is that there was no evidence of any trauma; there is no evidence of there being any blow, or of coming in contact with anything which would cause trauma. She of course says that she was knocked forward and in that manner strained her back or spine but that is not very satisfactory; and on the whole, the record does not make a strong case for very extensive damages, and it is not much wonder that the trial court in the first instance set aside the verdict as being given under passion and prejudice. It is rather questionable whether the same ought not to have been done under the second verdict. However, there is some injury shown in this record that

this woman claims to have suffered and the trial court had her before it and the jury had her before them and could see her demeanor and her actions better than we; and if there was any injury, of course, plaintiff would be entitled to recover, she being a passenger and was owed the highest degree of care, and the two cars of the same company coming into collision is negligence from which a passenger, if injured, could recover.

So we have viewed this whole record and feel that the verdict is larger than we think the jury was warranted in giving. We hesitate to say that it was given under passion and prejudice and think it can be remedied by remittitur.

There is one other matter which we think should be mentioned, and that is the so-called misconduct of counsel for plaintiff and it grew out of the cross-examination by Mr. Green for the railway company in seeking to indicate who the plaintiff's family were, how many composed the family, whether she was married, and whether she kept her own home and whether she had children, which was perfectly proper as bearing both upon the question as to whether there was a reason why she quit work because perhaps her work at home might have increased, and whether she was well enough to do her work; and so we think the cross-examination of Mr. Green on this matter was perfectly proper.

Subsequently the attorney for plaintiff asked many questions about her former marriage and whether all her children were by a former marriage, and I believe the record shows that she had a son 18 or 19 years old and that he was working for the Cleveland Electric Illuminating Company and apparently contemplated going to college, and the question propounded was:

"Q. And the reason he did not go to college was because you were injured was that it?"

An exception was taken to this and a motion was made to withdraw a juror, declare a mistrial, and continue the case. The motion was overruled and the court sought to cure whatever damage there was, by admonishing the jury. Unfortunately such remarks before a jury cannot be cured entirely but the court did the very best it could and we doubt that the matter was of enough importance to declare a mistrial and discharge the jury, in view of the manner in which the court took care of this, but it undoubtedly showed the jury that this woman intended to give her son a college education and was prevented by her so-called injury, and it might have had an effect upon their deliberation. Anyway it was an improper matter to get before the jury and we think it had something to do with the excessiveness of the verdict; so we have come to the conclusion that we will not reverse the verdict but will order a remittitur in order to make the verdict conform more to what we think the evidence would warrant, and the judgment of this court is that a remittitur of $1500.00 from the verdict be made and if defendant in error will not accept such remittitur the verdict and judgment will be reversed because of misconduct and because of excessiveness of verdict. If the remittitur is accepted, the judgment will be affirmed in the sum of $2500.00.

Sullivan and Levine, JJ, concur.